**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, § | | |
| Plaintiff § | | |
| § | | |
| VS. § | **CIVIL CASE NO.5:20-CV-_____** | |
| § | | |
| § | | |
| **14,887 COVID TEST KITS** § | | |
| Defendant § | | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, the United States of America, by and through its United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, represents:

**NATURE OF ACTION**

1. This is a civil forfeiture action in rem brought under: 19 U.S.C. § 1595a(c)(1)(A), 19 U.S.C. § 1595a(c)(2)(A), 19 U.S.C. § 1595a(c)(2)(B) and 19 USC §§ 1607-09. Title 19 U.S.C. § 1595a(c)(1)(A) provides that merchandise shall be seized and forfeited if it is stolen, smuggled, or clandestinely imported or introduced. Title 19 U.S.C. § 1595a(c)(2)(A) provides that merchandise may be seized and forfeited if its importation or entry is subject to any restriction or prohibition which is imposed by law relating to health, safety, or conservation and the merchandise is not in compliance with the applicable rule, regulation or statute. Title 19 U.S.C. § 1595a(c)(2)(B) provides that merchandise may be seized and forfeited if its importation or entry requires a license, permit or other authorization of an agency of the United States Government and the merchandise is not accompanied by such license, permit, or authorization.

1

## JURISDICTION AND VENUE

2.This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. " 1345 and 1355.

3.Venue is proper in the Southern District of Texas under 28 U.S.C. " 1355, 1391 and 1395. Venue is proper in the SDTX because the COVID test kits were found here.

## DEFENDANT PROPERTY

4.The defendant is 14,887 COVID-19 serology test kits (hereafter Defendant Property).

5.The record owners of the Defendant Property are Clear Choice ER and Joseph Ramon, III.

6.The test kits were seized in McAllen, Texas and Laredo, Texas from the record owners on or about April 2, 2020.

## FACTS

Upon information and belief, the United States of America alleges:

7.On or about March 16, 2020, the Food and Drug Administration (FDA) released updated guidance on an alternative process for importing COVID-19 serology test kits. The FDA created the "Notification Pathway" as an alternative to the Emergency Use Authorization. The Notification Pathway, as set forth on March 16th, required manufacturers to (1) notify the FDA of intent to import or distribute serology tests, (2) provide the FDA with evidence of successful validity testing of the serology tests, and (3) include four disclaimers in English in the "Instructions for Use" (IFU) documents contained in each testing kit. Manufacturers complying with these requirements were then added to a notification list on the FDA website. This list did not indicate the device was FDA approved, but only in compliance with the March 16 guidance.

8.     On or about March 26, 2020, PWI Investment Group, Inc. (PWI) presented for importation into the United States, 50,000 COVID-19 serology (antibody) tests kits, manufactured by Anhui Deep Blue Medial Technology Co. (Anhui), through the Chicago Port of Entry, with the intent to distribute them to healthcare providers.   At the time of importation, the Anhui COVID-19 test kits were not on the FDA notification list.

9.     On March 28, 2020, Customs and Border Protection (CBP) released the Anhui test kits based on a fraudulent FDA registration certificate provided by the freight forwarder hired by PWI, and a broker's incorrect change in the Intended Use (IU) code and the Product Code Number in the Automated Customs Environment system.   The full shipment was delivered to Houston, Texas and 20,000 of the test kits were then delivered by truck to Clear Choice ER in Laredo, Texas. Of the 20,000 test kits delivered to Laredo, Clear Choice ER sold 5,000 test kits to the City of Laredo (City), 1,000 test kits to Joseph Ramon of McAllen, Texas, donated 25 test kits to Gateway Community Health Center, and retained the remaining 13,975 test kits.   On April 2, 2020, Clear Choice ER voluntarily turned over their test kits to HSI.   On the same date, McAllen Homeland Security Investigations (HSI) special agents went to Healthcare Unlimited, a clinic owned by Joseph Ramon III, located in McAllen, Texas and seized 987 test kits.

10.     On April 18, 2020, CBP mailed Notices of Seizure (NOS) to Clear Choice ER and PWI for the 13,900 test kits pursuant to 18 U.S.C. § 983(a)(1)(A).   On May 21, 2020, Clear Choice ER submitted a claim for judicial referral.   On May 11, 2020, CBP mailed NOS to Mr. Ramon for the 987 test kits seized in McAllen, Texas, asserting the same violations as the NOS to Clear Choice ER.   Mr. Ramon filed a claim and request for judicial referral on June 11, 2020.

11.     On May 5, 2020, Clear Choice ER filed a petition against PWI Investment Group in the

49th District Court of Webb County, Texas seeking money damages. The petition alleges conversion, common law fraud, statutory fraud, negligent misrepresentation, breach of implied warranty of merchantability and violations of the Deceptive Trade Practices Act. Clear Choice ER alleges "Defendant (PWI Investment Group) made specific representations that the kits were approved for their specific use, which was to test for the novel Coronavirus – 2019, hereinafter referred to as COVID-19." Clear Choice ER also alleges "The promises made by the Defendant, that the Kits were approved by Federal Regulatory Agencies, was false and fraudulently made."

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## PRAYER

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Real Property in favor of the United States of America and for such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY


By: s/ Jon Muschenheim
JON MUSCHENHEIM
Assistant United States Attorney
State Bar No. 14741650
Federal Bar No. 9246
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
(361) 888-3111

/s/Mary Ellen Smyth
Mary Ellen Smyth
Assistant United States Attorney
State Bar No.:   18779100
Federal Bar No.:   31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
(956) 723-6523
Email: Mary.Ellen.Smyth@usdoj.gov

VERIFICATION

I, Hector Benavides, a special agent with the Department of Homeland Security, hereby affirm and verify that the facts set forth in paragraphs 6 through 11 of the Complaint are based upon my personal knowledge, information obtained from other Customs and Border Protection Officers, and upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

_____
Hector Benavides
Special Agent, Homeland Security

Sworn and subscribed before me, the undersigned authority, on this 16th day of September, 2020.

_____
Notary Public in and for the State of Texas

My commission expires: 12-14-21

Alicia M Laurel
My Commission Expires
12/14/2021
ID No 11790957